IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY

W.C. AND A.N. MILLER )
DEVELOPMENT COMPANY, )
a Delaware Corporation, )
4701 Sangamore Road, )
Bethesda, MD 20816 )
 )
    *Plaintiff*, )
v. )    Civil Action No. _____
 )
CONTINENTAL CASUALTY )
COMPANY, )
an Illinois Corporation )
333 S. Wabash Avenue, 28th Floor )
Chicago, IL 60604 )
 )
    Serve Upon: )
 )
President/Secretary/Treasurer )
Continental Casualty Company )
333 S. Wabash Avenue, 28th Floor )
Chicago, IL 60604 )
 )
    and )
 )
Maryland Insurance Commissioner )
200 St. Paul Place, Suite 2700 )
Baltimore, MD 21202 )
 )
    *Defendant*. )
_____ )

## COMPLAINT
### (Breach of Contract)

Plaintiff-insured sues Defendant-insurer for breach of contract. Defendant refused to provide defense costs or coverage for a claim that fell within the express terms of the Defendant's policy. Plaintiff was required to advance the costs for the successful defense of the refused claim and now seeks damages of approximately $750,000.00, plus interest.

## Parties and Jurisdiction

1.      Plaintiff W.C. and A.N. Miller Development Company ("Miller Development") is a Delaware corporation with its principal offices located at 4701 Sangamore Road, Bethesda, Maryland.

2.      Defendant Continental Casualty Company ("Continental") is an Illinois corporation with its principal offices located at 333 S. Wabash Avenue, Chicago, Illinois.

3.      This Court has subject-matter jurisdiction under Md. Code, Cts. & Jud. Proc. § 1-501.

4.      This Court has personal jurisdiction under Md. Code, Cts. & Jud. Proc. § 6-103, as this lawsuit arises out of Continental's sale of liability insurance to Miller Development in the State of Maryland.

5.      Venue is proper in this Court pursuant to Md. Code, Cts. & Jud. Proc. § 6-201, because the insurance policy at issue was delivered by Continental to Miller Development's corporate headquarters in Bethesda, and this County is the location from which all policy premiums were paid, and where Continental regularly conducts business.

## The Insurance Policy

6.      Miller Development purchased a business liability insurance policy, Policy No. 287176922 (the "Policy"), from Continental for a total premium of $16,545.00.  The Policy includes a Directors' and Officers' Liability Coverage Part ("D&O Coverage") and an Entity Liability Coverage Part ("Entity Coverage"), and provides a combined maximum aggregate limit of liability for these two Parts of $3,000,000.00, with a scheduled retention of $25,000.00.  The Policy provides coverage for claims made between November 1, 2010 and November 1, 2011

(the "Policy Period").  A copy of the Policy, which upon belief represents the full and complete Policy in place for the Policy Period, is attached as Exhibit "A".

7.      The Policy's D&O Coverage Part provides coverage to Miller Development for claims made against any Insured Person, including officers and directors, in accordance with the terms set forth therein.  Under this section, Continental is obligated to pay all loss, including litigation-defense costs, resulting from any claim made against duly elected or appointed directors or officers of Miller Development or any subsidiary of Miller Development during the Policy Period for alleged wrongful acts.

8.      The Policy's Entity Coverage Part provides coverage to Miller Development for claims made against Miller Development or any of its Subsidiaries, in accordance with the terms set forth therein.  Under this section, Continental is obligated to pay all loss, including litigation-defense costs, resulting from any claim made during the Policy Period against Miller Development or its Subsidiaries for alleged wrongful acts.

9.      The Policy obligates Continental to take responsibility for the defense of claims made during the Policy Period and to pay all necessary defense costs up to the liability limitation of $3,000,000.00.  Both the D&O Coverage and Entity Coverage Parts expressly provide for payment of Defense Costs associated with claims made under those sections.  Furthermore, the Policy provides that Continental "has the right and duty to defend all Claims, even if the allegations are groundless, false or fraudulent."

<u>The Kohn Complaint</u>

10.      On or about November 4, 2010, Miller Development, and several of its subsidiaries, officers and directors (collectively the "Insured Parties") were served with a complaint in a civil action initiated in the United States District Court for the District of New

Jersey, Case No. 10-CV-05645-KSH-PS, styled <u>Jonathan Kohn, Trustee v. McGuire Woods, LLP, Haymount Limited Partnership, Haymount Mezz, LLC, W.C. and A.N. Miller Investment Company, LLC, W.C. and A.N. Miller ESI Ventures, LLC, W.C. and A.N. Miller Development Company, Edward J. Miller, Jr., Ernest M. Miller, Jr., Robert R. Miller, John A. Clark, Vincent Pasko</u> ("Kohn Complaint").

11.    The plaintiff in the Kohn Complaint was the Trustee in a bankruptcy proceeding for International Benefits Group, Inc. ("IBG Bankruptcy").  The Kohn Complaint asserted several claims against the Insured Parties for fraudulent transfer, fraudulent conveyance, conspiracy, and creditor fraud, claiming that the Insured Parties conspired with each other to fraudulently transfer certain assets for the purpose of avoiding payment of a particular obligation to the IBG Bankruptcy estate.

12.    The Kohn Complaint constituted a claim first made during the Policy Period and fell within the scope of the Policy, and in particular the D&O Coverage and Entity Coverage Parts of the Policy.  The Insured Parties were entitled to coverage under both the D&O Coverage and Entity Coverage Parts of the Policy, including a legal defense to the claims.

### Breach of Contract

13.    On or about November 10, 2010, Miller Development provided timely written notice to Continental informing Continental of the Kohn Complaint and that the Insured Parties were entitled to coverage.

14.    Despite demand, Continental denied the claim and refused to provide coverage or reimburse Miller Development for defense costs associated with the Kohn Complaint.

15.    Continental's refusal to defend against the Kohn Complaint or otherwise provide coverage under the Policy constituted a breach of its coverage obligations under the Policy.

16.    Given Continental's refusal to defend against the Kohn Complaint or otherwise provide coverage, Miller Development retained legal counsel and mounted a defense to the lawsuit on behalf of the Insured Parties.  After pleadings, discovery, and motions practice, summary judgment was entered in the Insured Parties' favor on all counts.  (Docket No. 180, June 29, 2012).  The judgment was affirmed on appeal by the United States Court of Appeals for the Third Circuit.  Kohn v. McGuireWoods, et. al. No. 12-3028 (3d Cir. August 16, 2013).

17.    Miller Development has suffered damages associated with Continental's refusal to reimburse defense costs or otherwise provide coverage in excess of $750,000.00.  The legal fees and costs incurred by Miller Development on its own behalf and on behalf of the other Insured Parties in connection with the Kohn Complaint were reasonable and necessary to effectively represent the Insured Parties' interests and secure favorable adjudications in both the trial court proceedings and on appeal.

18.    All policy premiums were timely paid, and all conditions precedent to filing this action have been satisfied.

**WHEREFORE**, W.C. and A.N. Miller Development Company requests that judgment be entered in its favor and against Continental in an amount to be proven at trial but estimated to be not less than $750,000.00, and Plaintiff requests such other and further relief as the Court deems appropriate, including costs and fees of the present suit.

## JURY DEMAND

Plaintiff W.C. and A.N. Miller Development Company hereby demands trial by jury of all issues triable of right by a jury.

Respectfully submitted,

HOLLAND & KNIGHT LLP

Paul J. Kiernan
800 17th St. NW, Suite 1100
Washington, D.C.  20006
(202) 663-7276 (phone)
(202) 955-5564 (fax)

## CERTIFICATE OF OUT-OF-STATE COUNSEL

Pursuant to Maryland Rule 1-313, I hereby certify that I am admitted to practice law in the State of Maryland.

Paul J. Kiernan

#26750112_v2